UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

PLUTARCO ANGULO-AGUIRE,
      Petitioner,

v.

                              CASE No.16-cv-04523(cm)
                                 07-cr-387(cm)

UNITED STATES OF AMERICA,
      Respondent.             EVIDENTIARY HEARING REQUESTED

MOTION FOR RECONSIDERATION PURSUANT

TO RULE 59(e) OF THE FEDERAL RULES OF

CIVIL PROCEDURE

COMES NOW, Petitioner, Plutarco Angulo-Aguire, pro se, respect-
fully requesting that this Honorable Court reconsider it's order
entered on December 10, 2019, denying relief requested under Title
28 U.S.C. §2255. The Petitioner brings such request pursuant to
Rule 59(e) of the Federal Rules of Civil Procedure ("Fed. R.Civ.P).
In this court's December 10, 2019, order, this court found that
Hobbs Act Robbery under Title 18 U.S.C. §1951(a) categorically
qualifies as a "crime of violence" under the elements clause of
18 U.S.C. §924(c)(3)(A). see United States v. Hill, 890 F.3d 51
(2d cir. 2018).

**MEMO ENDORSED**

1/7/2020

Motion for reconsideration pursuant to Rule 59 is DENIED.
Because Petitioner has not made a substantial showing of denial
of a constitutional right, a certificate of appealability will NOT issue.
U.S. v Perez, 129 F.3d 255, 260 (2nd Cir. 1997). The Court further finds, pursuant to 28 USC 1915(a)(3),
that an appeal from this order would not be taken in good faith. See Coppedge v. U.S., 369 US 438, 82 (1962)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 12-30

In Hill, the court explained, "using the so-called 'category approach', 18 U.S.C. §1951(b)(1)'s requirement that the defendant commit robbery by means of 'actual or threatened force, violence, or fear of injury' qualifies the offense as one which has 'as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" Hill, 890 F.3d at 57-60, citing 18 U.S.C. §924(c)(3)(A). That is not so, where the court failed to examine each element of §1951(b)(1) independently. see United States v. Chea, 2019 U.S. Dist. LEXIS 177651 (N.D. Cal. Oct. 2, 2019)(holding that in conducting a categorical approach, the "fear of injury, immediate or future, to his person or property" provision of §1951(b)(1) is not a "crime of violence" as defined in §924(C)(3)(A)).

In Johnson v. United States, 559 U.S. 133 (2010), the Supreme Court defined "violent felony" as a crime which requires the use of "violent force-that is, force capable of causing physical pain or injury to another person. Johnson, 559 U.S. at 140. The Petitioner asserts that the element of robbery within §1951(b)(1) does not fall under "violent felony" definition as outlined in Johnson. That is because, Subsection (b)(1) of §1951 defines "robbery as follows:

> The term 'robbery' means the unlawful taking or obtaining of person property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody

-2-

> or possession, or the person or property of a rela-
> tive or member of his family or of anyone in his
> company at the time of the taking or obtaining.

The elements clause of §924(c)(3) define a "crime of violence"
as an offense that is a felony and "has as an element the use,
attempted use, or threatened use of physical force against the
person or property of another." 18 U.S.C. §924(c)(3)(A). Because
the term "robbery" as defined in §1951(b)(1), is broad enough to
cover the conduct of "obtaining" personal property by "fear or
injury, immediate or future, to ones persons or property." Such
offense falls outside the definition of a "crime of violence" as
held in Johnson, see e.g., United States v. Chea, 2019 U.S. Dist.
LEXIS 177651 (N.D. Cal. Oct. 2, 2019).

In conducting a categorical approach, the Chea court found that
Hobbs Act robbery under 1951(a) was not a "crime of violence" because
the term, "fear of injury, immediate or future, to ones person or
property," does not require the use or threat of violent physical
force as required by Johnson. Id., citing Ratziaf v. United States,
510 U.S. 135, 140-41 (1994)("Judges should hesitate...to treat
statutory terms [as surplusage] in any setting, and resistance should
be heightened when the words decribe an element of a criminal
offense"); Duncan v. Walker, 533 U.S. 167, 174 (2001)("It is our
duty to give effect, if possible to every clause and word of a
statute"). Thus, if Congress had intended for "fear of injury,

-3-

immediate or future" in §1951(b)(1), to mean "fear of violence or violent force", it could have said so expressly. It did not and no court can interpret such to mean so at this time.

Further, §1951(a) cannot be said to state a "violent felony" as defined by Johnson. Where nothing in the plain language of §1951(b) (1) suggest that the "property" that the victim fears could be injured needs to be in the victim's physical custody or possession, or even proximity at the time the Hobbs Act robbery is committed. This is an very important factor to be considered, because such preempts any argument that the fear of injury to property necessarily involves fear of injury to the victim (or another person) by virtue of the property's proximity to the victim or another person. United States v. Camp, 903 F.3d 594, 602 (6th cir. 2018)(noting that Hobbs Act robbery can be committed by "threats to property alone" and that such threats "Whether immediate or future-do not necessarily create a danger to the person"); United States v. Bowen, No. 17-1011, __F.3d __2019, WL 4146452, at *8 (10th cir. Sept. 3, 2019)(holding that crimes against property are not "crimes of violence" as defined under Johnson). As a result, Hobbs Act robbery is not a "crime of violence" under §924(c)(3)(A).

Finally, Petitioner asserts that because Hobbs Act robbery under §1951(a) is so ambiguous, this court should conclude that the rule of linity will preclude such offense be considered as a "crime of violence" under the elements clause of §924(c)(3). Chea, at n.18

-4-

(finding that the rule of lenity requires all ambiguity in 1951(a) to be construed in Chea's favor) citing <u>United States v. Edling</u>, 895 F.3d 1153, 1158 (9th cir. 2018)("The rule of lenity 'instructs that, where a statute is ambiguous, courts should not interpret the statute so as to increase the penalty that it places on the defendant").

Thus, the Petitioner asserts that reconsideration should be granted, so that a categorical approach could be applied to determine whether "robbery" as defined in §1951(b)(1), constitutes a "crime of violence" under the elements clause of §924(c)(3)(A), for the reasons stated above. As an additional matter, this court should find that reconsideration should be granted, in order to determine whether the "fear of injury, immediate or furture" provision of §1951(b)(1) is so ambiguous. Such offense from being considered a "crime of violence", due to the ambiguty in the offenses definition.

## CONCLUSION

WHEREFORE, Petitioner prays that based on the forgoing, that reconsideration is granted.

Respectfully Submitted,

Plutarco Angulo-Aguirre
Reg. No. 26954-077
Federal Correctional Complex
P.O. Box 1032/Med
Coleman, FL 33521-1032

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing motion has been sent on this day of December, 23 2019, via United States Postal Service to the party listed below:

Denielle M. Kudla, AUSA
The Silvio J. Mollo Building
1st. Andrew's Plaza
New York, New York 10007

Plutarco Angulo Aguirre

-6-

Filed 12/30/19

Plutarco Angulo-Aguirre 26954-077 (C-2)
Federal Correctional Complex-Med
P.O. Box 1032
Coleman, Florida 33521



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**



7014 3490 0000 5534 4205

Pro Se Intake
KH

RECEIVED

JAN - 3 2020

PRO SE OFFICE

United States District Court
Southern District Of New York
500 Pearl Street
New York, New York 10007

USM
SDNY
P3

10007-133099